# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., | 1:09-cv-00097 LJO GSA |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS ON PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT BY THE COURT |
| v. | (Document 9) |
| JACLYN MARIE TIDMARSH, individually and d/b/a ULTIMATE TAPROOM SPORTSBAR PIZZERIA & BBQ, | |
| Defendant. | |

On May 20, 2009, Plaintiff Joe Hand Promotions, Inc. ("Plaintiff") filed the present Application for Default Judgment by the Court against Jaclyn Marie Tidmarsh, individually and d/b/a Ultimate Taproom Sportsbar Pizzeria & BBQ ("Defendant"). A hearing was held on June 26, 2009, before the Honorable Gary S. Austin. Thomas P. Riley, Jr. appeared telephonically on behalf of Plaintiff. No appearance was made by or on behalf of Defendant.

**BACKGROUND**

Plaintiff filed the instant action on January 15, 2009. Defendant was served with the summons and complaint on February 25, 2009. The complaint alleges violations of 47 U.S.C. Section 605 and 47 U.S.C. Section 553. Plaintiff also alleges a state law claim of conversion.

Defendant has not answered the complaint or otherwise appeared in this action. On March 24, 2009, the Clerk of the Court entered default against Defendant.

1   Plaintiff filed the instant application for default judgment on May 20, 2009.  Plaintiff
2 requests that the Court enter default judgment against Defendant in the amount of $100,750.00.
3   Defendant has not responded to the application.

**Legal Standard**

Federal Rule of Civil Procedure 55(b)(2) provides that judgment may be entered:

> By the Court.  In all other cases, the party must apply to the court for a default judgment.  A default judgment may be entered against a minor or competent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared.  If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 3 days before the hearing.  The court may conduct hearings or make referrals--preserving any federal statutory right to a jury trial--when, to enter or effectuate judgment, it needs to:
> (A) conduct an accounting;
> (B) determine the amount of damages;
> (C) establish the truth of any allegation by evidence; or
> (D) investigate any other matter.

"Upon default, the well-pleaded allegations of the complaint relating to liability are taken as true."  *Dundee Cement Co. v. Highway Pipe and Concrete Products*, 722 F.2d 1319, 1323 (7th Cir. 1983); *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-918 (9th Cir. 1987).

Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.  *Eitel v. McCool*, 782 F.2d 1470, 1471-1472 (9th Cir. 1986).

**DISCUSSION**

Service of summons and complaint in this action was made on Defendant on February 25, 2009. A true and correct copy of the Proof of Service was filed with this Court on March 4, 2009. (Doc. 5). Defendant failed to respond to the complaint or otherwise appear in this action. The Clerk of the Court entered default against Defendant on March 24, 2009.  (Doc. 8).

Defendant is not an infant or incompetent person, and is not in the military service or otherwise exempted under the Soldiers' and Sailors' Civil Relief Act of 1940. (*See* Doc. 9, Part 2, at ¶ 3.)

Plaintiff seeks judgment pursuant to 47 U.S.C. Section 605 and 47 U.S.C. Section 553 against Defendant for unlawfully intercepting, receiving and exhibiting the *Ultimate Fighting Championship 80: "Rapid Fire"* on January 19, 2008, at her establishment in Modesto, California. Plaintiff requests enhanced statutory damages in the amount of $100,000.00 and $750.00 for state law conversion.[1]

### 1.   *Violation of 47 U.S.C. Section 533*

Unauthorized reception of cable service is governed by 47 U.S.C. Section 533, which provides, in relevant part, as follows:

> (a) Unauthorized interception or receipt or assistance in intercepting or receiving service; "assist in intercepting or receiving" defined
> **(1)** No person shall intercept or receive or assist in intercepting or receiving any communications service offered over a cable system, unless specifically authorized to do so by a cable operator or as may otherwise be specifically authorized by law.
> **(2)** For the purpose of this section, the term "assist in intercepting or receiving" shall include the manufacture or distribution of equipment intended by the manufacturer or distributor (as the case may be) for unauthorized reception of any communications service offered over a cable system in violation of subparagraph (1).

Pursuant to section 533, the aggrieved party may recover statutory damages of "not less than $250 or more than $10,000 as the court considers just" for all violations. 47 U.S.C. § 553(c)(3)(A)(ii). However, in any case in which the court finds that the violation was committed willfully and for purposes of commercial advantage or private, the court may increase the award of damages by an amount of not more than $50,000. 47 U.S.C. § 553(c)(3)(B).

### 2.   *Violation of 47 U.S.C. Section 605*

The relevant provisions of 47 U.S.C. Section 605, which address unauthorized publication or use of wire or radio communications, state:

//

//

---

[1] Plaintiff has not argued its claim for common law conversion in its moving papers. Although the supporting declaration of its legal counsel asserts the conversion damages to be $750.00, he does not provide any basis for this determination. Accordingly, it is recommended that his request for such damages be denied.

> (a) . . . no person receiving, assisting in receiving, transmitting, or assisting in transmitting, any interstate or foreign communication by wire or radio shall divulge or publish the existence, contents, substance, purport, effect, or meaning thereof, except through authorized channels of transmission or reception, (1) to any person other than the addressee, his agent, or attorney. . .. No person not being authorized by the sender shall intercept any radio communication and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person. No person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto. No person having received any intercepted radio communication or having become acquainted with the contents, substance, purport, effect, or meaning of such communication (or any part thereof) knowing that such communication was intercepted, shall divulge or publish the existence, contents, substance, purport, effect, or meaning of such communication (or any part thereof) or use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto.

Additionally, the aggrieved party is authorized to obtain statutory damages of "not less than $1,000 or more than $10,000, as the court considers just" for each violation. 47 U.S.C. § 605(e)(3)(C)(i)(II). The court may award enhanced damages up to $100,000 for each violation if it finds the violation was willfully committed for commercial advantage or private financial gain. 47 U.S.C. § 605 (e)(3)(C)(ii).

Plaintiff attests that it is a closed-circuit distributor of sports and entertainment programming that purchased and retained the commercial exhibition licensing rights to the program at issue. Plaintiff marketed the sub-licensing (commercial exhibition) rights in the program to its commercial customers. (Doc. 11 at ¶ 3.) Plaintiff contends that persistent signal piracy of its programming costs the company, its customers and the community millions of dollars annually. (Doc. 11 at ¶ 11.) Plaintiff believes this results in part from the perceived lack of consequences (including nominal or minimal damage awards by the Courts who hear its cases) for such unlawful interception and exhibition by the commercial signal pirates. *Id*. As such, Plaintiff requests the maximum allowance for statutory violations, totaling $100,000. (Doc. 11 at ¶ 13; *see also* Doc. 9, Part 2, at ¶ 7.)

//
//
//

1  Here, the summons and complaint were properly served upon Defendant, her default was
2  properly entered, and the complaint is sufficiently well-pled.  By her default, Defendant has
3  admitted to willfully violating the referenced statutes for purposes of commercial advantage.
4  Although deterrence of future violations are important objectives of the statutes, the facts before
5  the Court indicate that Defendant's establishment was not large, with a maximum capacity of
6  approximately 50 people.  Michael Cisneroz, Plaintiff's investigator, rated the establishment at
7  4529 Sisk Road in Modesto, California, as "[e]xcellent" and noted it contained two pool tables
8  and various video games at the back, a large television on one side of the establishment and a
9  second, much smaller, television on the opposite side.  Cisneroz conducted three head counts
10 while he was present:  23/27/29.  He viewed the program on one television, a 55" screen located
11 in the right corner of the establishment.  Given the relatively small impact of Defendant's
12 actions, the Court finds that the amount of requested damages should be reduced.

### RECOMMENDATION

14 Based on consideration of the declarations, pleadings and exhibits to the present
15 application, the Court RECOMMENDS as follows:
16     1.   Plaintiff's application for default judgment be GRANTED;
17     2.   Judgment be entered in this action against Defendant; and
18     3.   Damages in the total amount of $30,000 be awarded as follows:
19         a.   For violation of 47 U.S.C. § 553, the sum of $10,000;
20         b.   For violation of 47 U.S.C. § 605, the sum of $10,000;
21         c.   For violations of  47 U.S.C. § 553(c)(3)(B) and 47 U.S.C. § 605
22            (e)(3)(C)(ii), the sum of $10,000.
23 These findings and recommendations are submitted to the district judge assigned to this
24 action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72-304.  Within fifteen
25 (15) court days of service of this recommendation, any party may file written objections to these
26 findings and recommendations with the Court and serve a copy on all parties.  Such a document
27 should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The
28 district judge will review the magistrate judge's findings and recommendations pursuant to 28

1  U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified
2  time may waive the right to appeal the district judge's order.  *Martinez v. Ylst*, 951 F.2d 1153
3  (9th Cir.  1991).

6     IT IS SO ORDERED.
7     **Dated:**  **June 26, 2009**                    /s/ **Gary S. Austin**
                                                                                   UNITED STATES MAGISTRATE JUDGE